**TJS**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Malcolm K. Williams,
    Plaintiff,

               v.

ABM Janitorial Services – Mid-Atlantic, Inc.,
Thomas Patterson and Harold Geety,

      Defendants

CIVIL ACTION
JURY DEMAND  **16   6398**

## COMPLAINT

### I.    INTRODUCTION AND PARTIES

1. This complaint is brought on the basis of discrimination in employment, hostile work environment and retaliation for engaging in protected activity.

2. This complaint involves actions that were taken against Malcolm K. Williams, an individual who resides at the following address: 4345 Brown Street, Philadelphia, PA 19104.

3. This complaint involves actions that were taken by ABM Janitorial Services. Its corporate address is 1650 Arch Street, Philadelphia, PA 19103. The Defendant employer also has an office at 3940 Chestnut Street, Philadelphia, PA 19104.

4. Plaintiff's relationship with the Respondent began in 2004. Prior to 2004, he worked for the Respondent's predecessor, ISS, starting in 1999.   Plaintiff was terminated from employment on June 26, 2015.

5. For all relevant times, Plaintiff, Mr. Williams, has worked in the capacity of Truck Driver and in the Pan and Broom Unit for the Respondent, as a street cleaner.

6. The relief sought is provided under Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e, et seq.), the comparable state law, Pennsylvania Human Relations Act (43 P.S.§ 951-963 et seq.), for the denial of equal protection and treatment in employment terms and

1

conditions because of Plaintiff's race, for creating a hostile work environment, and for retaliation for opposing perceived discrimination, hostile work environment or other actions believed to be illegal.

## II.     JURISDICTION / VENUE

7. Jurisdiction for the District Court to hear this action is afforded to the District Court pursuant to 28 U.S.C. § 1331 (Federal Question), 42 USC §1983 and Title VII (42 U.S.C. 2000e et seq.), and 28 U.S.C. § 1343 (3) and (4) (Civil Rights).

8. Venue properly lies in the United States District Court for the Eastern District of Pennsylvania because the cause of action herein pleaded occurred at the following addresses: 1650 Arch Street, Philadelphia, PA 19103 and 3940 Chestnut Street, Philadelphia, PA 19104, which is located in the venue established for the District Court for the Eastern District of Pennsylvania. Plaintiff's invoke supplemental jurisdiction under 28 U.S.C. § 1367 so the District Court can resolve the state pendent and related claims.

## III.     THE PARTIES

9.     MALCOLM WILIAMS (herein after Plaintiff) is a resident of and has domicile in the County of Bucks, Pennsylvania; she is a governmental employee as intended under Title VII (42 U.S.C. § 2000(e)) and the PHRA.

10.     THOMAS PATTERSON, (herein after Patterson) is a resident of and has domicile in that jurisdiction which is within the Third Circuit; he is a supervisor with control and authority over the Plaintiff in his terms and conditions of employment with ABM identified in Title VII (42 U.S.C. § 2000e et seq.)and the PHRA (not a co-worker); and an individual person/employee as defined under 42 USC 1983 and the PHRA.

11.     HAROLD GEETY, (herein after Geety) is a resident of and has domicile in that jurisdiction which is within the Third Circuit; he is a supervisor with control and authority over the Plaintiff in his terms and conditions of employment with ABM identified in Title VII (42

2

U.S.C. § 2000e et seq.)and the PHRA (not a co-worker); and an individual person/employee as defined under 42 USC 1983 and the PHRA.

12.     ABM Janitorial Services, (herein after Defendant, ABM) is a company operating in the Commonwealth of Pennsylvania; it is an employer as intended under Title VII (42 U.S.C. § 2000e et seq.), and the PHRA and employs over 15 people.

## IV.    **FACTS**

Background:

13.  Plaintiff supported a coworker, Armah Konah, who complained of discrimination to the Defendant ABM.

14. Since 2011, until the date of plaintiff's termination Konah and Plaintiff were coworkers.

15. At this time Konah was upgraded to a truck driver for ABM and Plaintiff was his partner.  Plaintiff Williams began noticing that the supervisors were discriminating against Konah.

16. The supervisors for all relevant times were Manager Dexter Bryant and Supervisor Thomas PATTERSON.  On November 6, 2014 - Bryant passed away and Patterson took his place.

17. Plaintiff Williams has been disciplined by the Respondent on numerous occasions. Since May 2013, he has been disciplined on at least seventeen occasions by Manager Dexter Bryant and Supervisor Thomas Patterson.

18. Plaintiff believes and therefore avers that he was disciplined in retaliation for his support of Konah in his complaints of discrimination.

19. All actions of discipline were unwarranted.

Complaints and Support of Discrimination:

3

20. In 2011 and 2012, Plaintiff complained to his workers Union about the treatment of Mr. Konah.   He also complained to human resources, Bryant and Patterson about the discriminatory treatment including unwarranted write-ups, and work conditions.

21. The complaints of discriminatory treatment continued through 2013 including: On October 8, 2013, Plaintiff complained to Mrs. Marlo Simmons, Human Resource Manager, that Bryant and Patterson discriminated and created a hostile work environment against both himself and Konah.  Specifically alleging that Patterson continually cursed at Konah on the job, made fun of his accent, and gave them both **unwarranted write ups for leaving their work site.**   Patterson constantly **followed Plaintiff to his work sites** which is not typical, and would order him to switch work areas for no reason, just trying to make his walk around more and re-clean his areas.

22. On July 21, 2014 Konah filed a complaint of discrimination with the Philadelphia Commission on Human Relations, which was served on Respondent on August 19, 2014.

23. On November 4, 2014, Simmons indicated that Plaintiff's allegations of *discrimination* were investigated but the results were inconclusive.

24. Plaintiff also filed grievances with his union for the write-ups.

25. On December 15, 2014 Williams gave a statement to the PaHRC alleging discriminatory treatment of Konah, and retaliation against himself for supporting a charge of discrimination and/or opposing discrimination in the workplace.

Adverse Actions:

26.    In 2014, Defendant ABM through the actions of Bryant and Patters took adverse actions against Plaintiff, including but not limited to **removing him from truck duty with Konah.**

27.    In or about September 2014, Patterson **threatened** that if he doesn't take orders from co-worker they will take him off the truck assignment completely.

28.    In the fall of 2014, Plaintiff taken off truck and **put back on "street duty"** because allegedly did not respond to orders from co-worker.

29.    Late in 2014 Plaintiff was **not supplied with trash bags/supplies.**

30.    Between 2013 to dismissal in 2015 Plaintiff **received over fifteen write ups for** – abandonment, wearing "hoody", and made him check in when going to the bathroom.  At one

4

point, Patterson told Plaintiff, "Dexter said there's more coming," when he gave him one of the write ups.

31.    Between 2012 to 2015, Bryant and Patterson followed/stalked Plaintiff while working.

32.    Bryant told Konah not to communicate with Plaintiff, making it difficult to perform his job duties and assignments.

33.    **Plaintiff Williams never had any problems or write ups before he opposed discrimination against Konah.**

34.    On October 29, 2014 and November 6, 2014, **Patterson issued him written discipline.**

35.    On November 13, 2014, both warnings were rescinded following union grievances.

36.    **On November 20, 2014, Plaintiff again received unwarranted written discipline from Patterson.**  Subsequently, the November 20, 2014 written discipline was reduced to a verbal warning.

37.    June 25, 2015, the date following the union hearing for his grievance, Patterson approached Plaintiff on the street after he had clocked in and said **"you are suspended,** go back to the office and clock out".

38.    When Plaintiff arrived at the office, Patterson, an HR representative, and Jamal Fairy were present. He never received paperwork for this suspension. Williams did not return to work after this date. He is currently collecting unemployment compensation.

39.    Plaintiff asked "who suspended me" and Patterson replied "ask Arman". Plaintiff then went to 40th street and Walnut; this was the main office. Mr. Harry Geety then told Plaintiff to return to workshop. Arman and Plaintiff went to workshop, had a meeting with Mr. Geety, who told Plaintiff to turn in his equipment and uniform, and get on floater pool at 1650 Arch st.  On June 26, 2015 He again met with Harry Geetie who wrote a hand written letter saying he will "call [him]" when a determination is made. **He was effectively terminated from employment on June 26, 2015.**

5

40.     Plaintiff was given a hearing *based on his suspension.* At the hearing he was asked about write ups, and accused of leaving voicemail saying "nigger". Plaintiff believes that Respondents are in possession of the voice recording but cannot show the number from which it was called. Mr. Konah was not asked any questions.

41.     Plaintiff lost the Union hearing and in June he ceased to receive employment checks.

42.     The effective *termination* was upheld for allegedly making racial statements and not being in uniform.

43. As a result of the Respondent's discrimination, Plaintiff has suffered damages and requests the Respondent compensate, reimburse, and provide any and all appropriate relief including but not limited to all pay and benefits which would have been received had it not been for Respondents' illegal actions; punitive damages as permitted by applicable law; and the costs and expenses of this action as provided by applicable federal and state law.

44. Plaintiff has filed a complaint about the actions described herein with the Pennsylvania Human Relations Commission on December 17, 2015. Which was dual filed in the EEOC. Plaintiff has received his Right-to-Sue letter on September 22, 2016 which allows him to file this action in federal court.

## V.     __CHARGES__

COUNT I
Employment Discrimination/Retaliation/Hostile Work Environment
Title VII (42 U.S.C. § 2000e)
Williams v. ABM

45. Plaintiff incorporates the preceding paragraphs hereto and as though each were repeated verbatim.

6

46.     Plaintiff engaged in the following *protected activity under Title VII and the PHRA*;

a. In 2011 and 2012, Plaintiff complained to his workers Union about the treatment of Mr. Konah.  He also complained to human resources, Bryant and Patterson about the discriminatory treatment including unwarranted write-ups, and work conditions.

b. On October 8, 2013, Plaintiff complained to Mrs. Marlo Simmons, Human Resource Manager, that Bryant and Patterson discriminated and created a hostile work environment against both himself and Konah.

c. On December 15, 2014 Williams gave a statement to the PaHRC opposing discriminatory treatment of Konah, and retaliation against himself for supporting a charge of discrimination and/or opposing discrimination in the workplace.

47.     Contemporaneous or Subsequent to the protected activity, Defendants discriminated and/or retaliated against Plaintiff for engaging in such activity, which actions include but are not limited to;

a. **removing him from truck duty with Konah;**

b. **threatened** that if he doesn't take orders from co-worker they will take him off the truck assignment completely;

c. In the fall of 2014, Plaintiff was taken off truck and **put back on "street duty"**;

d. Plaintiff was **not supplied with trash bags/supplies;**

e. Between 2013 to dismissal in 2015 Plaintiff **received over fifteen write ups, including those for** – abandonment, wearing a "hoody", and made him check in when going to the bathroom;

f. On October 29, 2014 and November 6, 2014, **Patterson issued him written discipline;**

7

g. **On November 20, 2014, Plaintiff again received unwarranted written discipline from Patterson;**

h. **On June 25, 2015 Plaintiff was suspended from employment and was effectively terminated from employment on June 26, 2015.**

48. The substantial and/or motivating reason for the above mentioned adverse actions was the Plaintiff's race and/or protected activity. Plaintiff was treated differently than similarly situated employees outside of his protected class; Black, or those who did not oppose activity believed to be illegal under Title VII.

49.     Plaintiff alleges that **but-for** his complaints to supervisors, HR and the EEOC, and/or other opposition to perceived violations of Title VII and the PHRA, Defendants ABM through the actions of Patterson and Geety would not have engaged in the above stated adverse actions.

50.     The above mentioned conduct was so pervasive that a reasonable person in Plaintiff's position would find the work environment to be hostile. Defendants treatment was severe and/OR pervasive for over two (2) years. Such behavior affected Plaintiff's work environment, increased stress in performing his job duties, increased stress and anxiety outside the work place and caused him to suffer damages, including; loss of sleep and anxiety.

51.     Defendants failed to take prompt and appropriate action to remedy the situation; specifically, they failed to have a first step meeting to bring the parties together and try and resolve the issues which Plaintiff alleged.

52.     The ABM has a policy and/or practice, or condones and/or acquiesces to discrimination in employment terms and conditions because of race and/or retaliation for opposing race discrimination or other actions alleged to be discriminatory or which create a hostile work environment, in violation of Title VII (42 U.S.C. 2000(e) et seq.). and the PHRA.

8

This liability is based off the actions of supervisors Patterson and Geety (branch manager) who have authority to bind the department in their actions.

53.     Defendants Patterson and Geety had supervisory authority over Plaintiff's employment terms and conditions, overtime pay, tour of duty, hours of employment, and discipline.  Patterson and Geety as supervisors, created and/or carried out the ABM's policy of employment discrimination, hostile work environment and retaliation.

54. Plaintiff has filed a complaint about the actions described herein with the Pennsylvania Human Relations Commission on December 17, 2015. Which was dual filed in the EEOC.  Plaintiff has received his Right-to-Sue letter on September 22, 2016 which allows him to file this action in federal court.

COUNT II
Employment Discrimination/Retaliation/Hostile Work Environment
PHRA (43 P.S.§ 951-963 et seq.)
<u>Williams v. ABM, Patterson, Geety</u>

55. Plaintiff incorporates the preceding paragraphs hereto and as though each were repeated verbatim.

56.     Plaintiff engaged in the following *protected activity under Title VII and the PHRA*;

a.  In 2011 and 2012, Plaintiff complained to his workers Union about the treatment of Mr. Konah.  He also complained to human resources, Bryant and Patterson about the discriminatory treatment including unwarranted write-ups, and work conditions.

b.  On October 8, 2013, Plaintiff complained to Mrs. Marlo Simmons, Human Resource Manager, that Bryant and Patterson discriminated and created a hostile work environment against both himself and Konah.

9

c. December 15, 2014 Williams gave a statement to the PaHRC alleging discriminatory treatment of Konah, and retaliation against himself for supporting a charge of discrimination and/or opposing discrimination in the workplace.

57.     Contemporaneous or Subsequent to the protected activity, Defendants discriminated and/or retaliated against Plaintiff for engaging in such activity, which actions include but are not limited to;

a. **removing him from truck duty with Konah;**

b. **threatened** that if he doesn't take orders from co-worker they will take him off the truck assignment completely;

c. In the fall of 2014, Plaintiff taken off truck and **put back on "street duty";**

d. Plaintiff was **not supplied with trash bags/supplies;**

e. Between 2013 to dismissal in 2015 Plaintiff **received over fifteen write ups, including write ups for** – abandonment, wearing "hoody", and made him check in when going to the bathroom;

f. On October 29, 2014 and November 6, 2014, **Patterson issued him written discipline;**

g. On November 20, 2014, Plaintiff again received unwarranted written discipline from Patterson;

h. **On June 25, 2015 Plaintiff was suspended from employment and was effectively terminated from employment on June 26, 2015.**

58. The substantial and/or motivating reason for the above mentioned adverse actions was the Plaintiff's race and/or protected activity.  Plaintiff was treated differently than similarly situated officers outside of his protected class; Black, or those who did not oppose activity believed to be illegal under Title VII.

10

59.     Plaintiff alleges that **but-for** his complaints to supervisors, HR and the EEOC, and/or other opposition to perceived violations of Title VII and the PHRA, Defendants ABM through the actions of Patterson and Geety would not have engaged in the above stated adverse actions.

60.     The above mentioned conduct was so pervasive that a reasonable person in Plaintiff's position would find the work environment to be hostile.  Defendants treatment was severe and/OR pervasive for over two (2) years. Such behavior affected Plaintiff's work environment, increased stress in performing his job duties, increased stress and anxiety outside the work place and caused him to suffer damages, including; loss of sleep and anxiety.

61.     Defendants failed to take prompt and appropriate action to remedy the situation; specifically, they failed to have a first step meeting to being the parties together and try and resolve the issues which Plaintiff alleged.

62.     The ABM has a policy and/or practice, or condones and/or acquiesces to discrimination in employment terms and conditions because of race and/or retaliation for opposing race discrimination  or other actions alleged to discriminatory or which create a hostile work environment, in violation of Title VII (42 U.S.C. 2000(e) et seq.). and the PHRA.  This liability is based off the actions of co-supervisors Patterson and Geety (branch manager) who have authority to bind the department in their actions.

63.     Defendants Patterson and Geety had supervisory authority over Plaintiff's employment terms and conditions, overtime pay, tour of duty, hours of employment, and discipline.  Patterson and Geety as a supervisors, created and/or carried out the ABM's policy of employment discrimination, hostile work environment and retaliation.

64.     On December 17, 2015.  Plaintiff filed a charge with the PHRC, alleging retaliation, discrimination and hostile work environment, which was dual filed with the EEOC, so to put individual Patterson and Geety on notice of potential liability under the employment discrimination laws of the United States and Commonwealth of Pennsylvania and under federal law for a "aider and abettor " theory of liability.

65.     Plaintiff has waited the 180 day allotted time provided by the PHRA which allows her to file this action in federal court.


## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court enter judgment for them and against the Defendants; to hold the Defendants jointly and severally liable; to award the Plaintiff such relief as to make Plaintiff whole, including such relief as, but not limited to, compensatory, consequential and punitive damages, overtime pay, reassignment, transfer, reasonable attorney fees, litigation costs, and any and all other such relief, including equitable relief, allowed by law or that the Court deems proper and just; including declaring the Defendants acts, actions or omissions to have violated the Plaintiffs' rights.


Date: Dec. 9-2016      Respectfully submitted,

BY _____

12

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Malcolm K. Williams**
**4345 Brown Street**
**Philadelphia, PA 19104**

From: **Philadelphia District Office**
**801 Market Street**
**Suite 1300**
**Philadelphia, PA 19107**

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **17G-2015-00086** | **Legal Unit** | **(215) 440-2828** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**Spencer H. Lewis, Jr.,**
**District Director**

September 22, 2016
*(Date Mailed)*

Enclosures(s)

cc:
**ABM JANITORIAL SERVICES-MID-ATLANTIC, INC.**

**Heather Varon**
**ABM INDUSTRIES, LABOR & EMPLOYMENT**
**8101 West Sam Houston Parkway South, Suite 150**
**Houston, TX 77072**

Alexis Lehmann, Esq.
Law Offices of Brian M. Puricelli
2721 PICKERTOWN ROAD
Warrington, PA 18976



# PHILADELPHIA COMMISSION ON HUMAN RELATIONS

## DISMISSAL AND NOTICE OF RIGHTS

To:
Alexis Lehmann, Esquire
Law Offices of Brian Puricelli
2721 Pickertown Road
Warrington, PA 18976

From:
Philadelphia Commission on Human Relations
601 Walnut Street, Suite 300 South
Philadelphia, PA 19106

**PCHR Complaint No.:  E14126627**

**Date of Commission Decision:  09/16/2016**

**Re: Malcolm K. Williams v. ABM Janitorial Services-Mid Atlantic, Inc.**

The Philadelphia Commission on Human Relations is closing its file on this complaint for the following reasons

☐ **Charge Not Substantiated** – The PCHR is unable to conclude that the information obtained through our investigation establishes a violation of the Philadelphia Fair Practices Ordinance.  This does not certify that *the Respondent is* in compliance with the Philadelphia Fair Practices Ordinance.  No finding is made as to any other issues that might be construed as having been raised by this complaint.

☐ **Failure to Cooperate** – After 30 days in which to respond, the Complainant failed to provide information, failed to appear or to be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve the complaint.

☐ **Failure to Locate** – Though reasonable efforts were made to locate the Complainant, we were not able to do so.

☐ **Complaint Withdrawn** – The PCHR has complied with the Complainant's request for withdrawal of the complaint referenced above.

☐ **Lack of Jurisdiction** – The facts alleged in the complaint fail to state a claim over which the PCHR has enforcement authority because the Complainant waited too long after the date(s) of the alleged discrimination to file the complaint, the discrimination alleged occurred outside Philadelphia or for some other reason(s).

☐ **Satisfactorily Adjusted** – The parties entered a settlement agreement that provides relief for the harm(s) alleged.

☐ **Waiver to EEOC** – The Complainant has requested that the case be waived to the Equal Employment Opportunity commission for further processing.

☒ **Right to Sue Requested** – The Complainant has requested the right to pursue this matter further by bringing suit in state court against the Respondent.

☐ **Conciliation** – After a finding of probable cause, the parties entered a conciliation agreement that provides full relief for the violations established by our investigation.  The complaint will be closed accordingly, but the Conciliation Agreement will remain on file and subject to review by the Commission during the period it is in effect.

☐ **Other** – Administrative Action.

No further action is required at this time.

On behalf of the Commission

**Name**

**Date**   9/20/16

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Malcolm Williams

**DEFENDANTS**
ABM, Thomas Patterson, Huronk Greeby

**(b)** County of Residence of First Listed Plaintiff  Philadelphia
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Phila.
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)  Pro Se
4345 Brown St. Phila. PA 19104

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | **PERSONAL INJURY** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | ☐ 365 Personal Injury - Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | **PERSONAL PROPERTY** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 370 Other Fraud | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 371 Truth in Lending | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 380 Other Personal Property Damage | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 385 Property Damage Product Liability | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | |
| | | ☒ 442 Employment | **Habeas Corpus:** | |
| | | ☐ 443 Housing/ Accommodations | ☐ 530 General | |
| | | ☐ 444 Welfare | ☐ 535 Death Penalty | |
| | | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | |
| | | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | |
| | | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | |
| | | **IMMIGRATION** | | |
| | | ☐ 462 Naturalization Application | | |
| | | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 2000(e) Title VII

Brief description of cause:
descrimination based on Race and Retaliction

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE ___  DOCKET NUMBER ___

DATE ___

SIGNATURE OF ATTORNEY OF RECORD  (Pro Se)

**FOR OFFICE USE ONLY**

RECEIPT # ___  AMOUNT ___  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 4345 Brown St. Philadelphia PA 19104

Address of Defendant: 1650 Arch St. Philadelphia PA 19103

Place of Accident, Incident or Transaction: County of Phila.
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)
A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*
I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: Dec-9-2016   _____  Wood Williams  Pro Se   N/A
                    Attorney-at-Law                           Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: Dec-9-2016   _____  Pro Se   N/A
                   Attorney-at-Law           Attorney I.D.#

CIV. 609 (6/08)

**TJS**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

Malcolm Williams                                    CIVIL ACTION

v.

ABM, Patterson, Greety                      NO. **16    6398**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)

Dec-9-2016            Malcolm Williams
**Date**              Attorney-at-law
267-6007298                Pro se                       Attorney for  Pro se
                                                        Malcolm R Agmail com

**Telephone**              **FAX Number**              **E-Mail Address**

(Civ. 660) 10/02